UNITED STATES DISTRICT COURT
OF MASSACHUSETTS

CRIMINAL No. 15-10149

UNITED STATES OF AMERICA

v.

JOSEPH   BENSON

**SENTENCING MEMORANDUM OF JOSEPH BENSON**

INTRODUCTION.

The defendant, Joseph Benson, is scheduled to be sentenced pursuant to a plea pursuant to F.R.Crim. P. 11(c) (1) (C).  Mr. Benson was outside the jurisdiction until July 20, 2017 which was after objections were due. At the suggestion of the probation officer, the undersigned counsel filed objections to the pre-sentence report and preserved the opportunity to file objections directly with the Court after the review by Mr. Benson.  The undersigned attorney was on vacation until July 31, 2017 and met with Mr. Benson on August 1, 2017.

Although Mr. Benson disagrees with the method of calculation of the pre-sentence report, the final calculation is the same.  His objections should be included in the final pre-sentence report.  He asks the Court to direct the probation officer to include them in the final report.

He requests that the probation officer redact a portion of paragraph 114 as detailed below.

Mr. Benson does object to two conditions of supervised release and asks the Court to address these issues.

OBJECTIONS.

After review of the pre-sentence report, Mr. Benson adds these additional comments and asks that the Court direct the probation officer to include them in the final copy. The comments are referenced by the paragraph number in the final report. An appellate court will assume that a

1

statement that was not denied in the pre-sentence report was agreed to. *United States v. Dietz,* 950 F.2d 50 (1st Cir 1991).

*Identifying Data: (Page* 3): Mr. Benson's social security number is incorrect. The number listed below as an "alias number" is in fact his true social security number. He has never used any other number. Likewise, he has never used any other birthdates.

The "AKA" of Black or Boston are not used by Benson or others to refer to him and are not mentioned in this indictment.

Although it is the policy of the probation officer to list all information that appears on court or police records, this comment should be noted here.

¶ 2. Mr. Benson pled guilty to so much of the indictment that charges him with conspiracy to distribute heroin.

¶ 52. Mr. Benson denies the 125 grams of cocaine from Jones and notes that it is not part of his plea agreement. He also denies ordering 57 grams of heroin from Berry. As noted in the plea agreement, the total amount of heroin reasonably foreseeable to Mr. Benson is more than one hundred grams, so the mandatory minimum sentence of five years still applies.

Footnote 5: Mr. Benson reasserts his denial that he is a member or enforcer of the Colombia Street Dawgs or that he has been involved in CPD gang related shootings, murders and robberies. He has no tattoos or other identifying gang membership and has not been presented with any police information that supports this claim. He grew up in the Colombia Point area, but social association with persons who the police correctly or incorrectly categorize as gang members does not equal affiliation with the gang.

¶ 100. See note to ¶ 52 above.

¶ 114. Mr. Benson adamantly denies that he ever spoke to the police about this incident or named anyone else who may have been involved. He was the only one charged with the offense and at no time spoke with the police about the actual incident.

He requests that the Court direct the probation officer to redact that portion of the case description that asserts that he made a statement to the police. This detail is immaterial to the case description but will jeopardize Mr. Benson's safety while in prison.

¶ 116. Mr. Benson pled to all four charges on the recommendation of his lawyer. Subsequently, the controlled substance charges were dismissed. At the time of his plea, he was offered a probation sentence on all charges.  Mr. Benson asserts that he would not have pled to assault and battery on a police officer had that been his only charge.

¶ 148. Mr. Benson graduated from the Jeremiah Burke High School in 2001.

SPECIAL CONDITION NUMBER ONE.

Mr. Benson opposes the proposed special condition number one.  This proposal in effect enlarges his incarcerated time to five and one half months.  Mr. Benson indicates that he will live with his girlfriend and child upon his release.  Although he doesn't know whether she will remain in her current apartment, he will live with her following his release.  Ms. Nation's comments to the probation officer at paragraphs 141-2 also affirm their long and strong relationship and that she also looks forward to his return home.  In addition, Mr. Benson has a large family who love him and would support him, as indicated in paragraph 140.  Mr. Benson has never been homeless and there is no basis in fact to assume that he would be homeless upon release.

SPECIAL CONDITION NUMBER THREE.

Mr. Benson opposes the proposed special condition number three.  The probation officer recommends that he participate in a "manualized cognitive behavioral treatment program." She asserts that he is a suitable candidate for this treatment based in his criminal history and pending serious allegations.Mr. Benson has asserted his innocence to these charges.  The pending charges are indeed only allegations and a trial will determine whether Mr. Benson committed those offenses.

Manualized cognitive behavior treatment is primarily designed for major anxiety disorders or serious psychotic illness such as schizophrenia or bipolar disorder.  Beck, A.T. Freeman Personality Disorders. (Guilford Press).  As a post-conviction therapy, it has primarily been used for sex offenses or serious substance abuse.

The methodology is controversial and has come under attack by various experts in the field. See: Badseth et al, "Theoretical foundations of Cognitive Behavioral Therapy for Anxiety and Depression (Annual Review of Psychology 1995); Freeman, A., Cultures of Healing (1995); Slife, B.D., "What's behind the research? Discovering the Hidden Agenda in the Behavioral Sciences."

Mr. Benson does not have a psychotic disorder nor is there any evidence of same in the pre-sentence report.  Mr. Benson's goal is to get these cases behind him and move on in his life. He will already be participating in substance abuse counseling and a vocational services training program and hopefully will have full time employment.  The additional requirement of cognitive behavior treatment will put an undue burden on Mr. Benson's ability to participate in training, substance abuse counseling, random drug screens, full time employment and active parenting. The additional costs of the program would also be burdensome on him.

Respectfully Submitted,
By His Attorney,

___/s/ Lenore Glaser_____ August 2, 2017
Lenore Glaser, Esq. B.B.O. # 194220
45 Bromfield St., Suite 500
Boston, MA. 02108
617 753-9988

**Certificate of Service**   I. Lenore Glaser, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on: August.

**/s/ Lenore Glaser**

5